IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 114,542

In the Matter of BENJAMIN N. CASAD,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed June 10, 2016. Sixty-day suspension, stayed upon conditions.

*Deborah L. Hughes*, Deputy Disciplinary Administrator, argued the cause, and *Stanton A. Hazlett*, Disciplinary Administrator, was with her on the formal complaint for the petitioner.

*John J. Ambrosio*, of Ambrosio & Ambrosio, Chtd., of Topeka, argued the cause, and *Benjamin N. Casad*, respondent, argued the cause pro se.

*Per Curiam*:  This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Benjamin N. Casad, of Prairie Village, an attorney admitted to the practice of law in Kansas in 1992.

On June 23, 2015, the office of the Disciplinary Administrator filed a formal complaint against the respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent filed an answer on July 8, 2015. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on September 1, 2015, where the respondent was personally present and was represented by counsel. The hearing panel determined that respondent violated KRPC 1.1 (2015 Kan. Ct. R. Annot. 442) (competence); 1.3 (2015 Kan. Ct. R. Annot. 461) (diligence); 1.4(a) (2015

1

Kan. Ct. R. Annot. 482) (communication); and 8.4(d) (2015 Kan. Ct. R. Annot. 672) (engaging in conduct prejudicial to the administration of justice).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"8.  In January 2013, the Leavenworth County District Court appointed the respondent to represent R.B., an elderly man, in a criminal appeal following R.B.'s conviction for forgery, a severity level 8 felony; conspiracy to commit forgery, a severity level 10 felony; and theft, a class A misdemeanor. The court sentenced R.B. to a 10-month prison sentence for the forgery conviction, a 6-month prison sentence for the conspiracy conviction, to run concurrently to the forgery sentence, and a 12-month jail sentence for the theft charge. The court granted R.B.'s request for probation and placed R.B. on probation for a period of 12 months.

"9.  On May 21, 2013, the respondent timely filed a brief on behalf of R.B. However, the respondent failed to comply with Supreme Court Rule 6.02(a)(4) by adequately citing to the record on appeal.

"10.  In the brief, the respondent argued that R.B.'s statutory right to a speedy trial had been violated. On August 30, 2013, the state timely filed its brief. In its brief, the state conceded that R.B.'s statutory speedy trial rights were violated regarding the forgery and theft convictions. Thus, the state agreed that those two convictions should be reversed.

"11.  On September 4, 2013, the Court of Appeals notified the respondent that he failed to comply with Supreme Court Rule 6.02(a)(4) by adequately citing to the record on appeal. The court ordered the respondent to submit a corrected brief on or before September 16, 2013. The respondent failed to submit a corrected brief. On

2

October 10, 2013, the court issued an order dismissing R.B.'s appeal 'for failure to resubmit an amended brief pursuant to Supreme Court Rule 6.02.' On November 13, 2013, the clerk of the appellate courts issued the mandate dismissing R.B.'s appeal.

"12.    The respondent did not have contact with R.B. at any time during the appeal. The respondent did not provide R.B. with a copy of the brief he filed on R.B.'s behalf. The respondent did not provide R.B. with a copy of the court's order directing him to resubmit an amended brief. The respondent did not provide R.B. with a copy of the order dismissing R.B.'s appeal. The respondent never notified R.B. that his appeal had been dismissed.

"13.    In December 2013, Greg Robinson, R.B.'s trial counsel, learned that R.B.'s appeal had been dismissed. After several unsuccessful attempts to contact the respondent by phone and electronic mail message, Mr. Robinson spoke to the respondent. The respondent told Mr. Robinson that he was considering filing a motion to recall the mandate. At the conclusion of the conversation, Mr. Robinson believed that the respondent was going to file something to remedy the dismissal.

"14.    Mr. Robinson contacted the court and learned that the respondent had not taken any action to remedy the dismissal.

"15.    On March 5, 2014, Mr. Robinson filed a motion in district court requesting that the district court order the respondent to file a motion to recall the mandate or appoint new appellate counsel. On March 10, 2014, the respondent filed a motion to recall the mandate in the Court of Appeals.

"16.    On June 16, 2014, the respondent self-reported his conduct to the disciplinary administrator's office.

"17.    On September 26, 2014, the respondent attempted to file an amended brief. The clerk of the appellate courts refused to accept and file the brief.

3

"18.     On October 23, 2014, the Court of Appeals summarily denied the respondent's motion to recall the mandate.

"19.     On November 17, 2014, the respondent attempted to file a motion for an extension of time to file a motion for reconsideration of the denial of the motion to recall the mandate. The time period for filing a motion for rehearing or modification had already expired. The respondent explained that he had several other matters that required attention and did not have sufficient time to complete the motion for reconsideration or file for extension of time before the deadline passed. The clerk of the appellate courts refused to accept the motion for filing.

"20.     If R.B.'s appeal had not been dismissed, R.B.'s convictions of forgery and theft would have likely been reversed and his sentences on those convictions vacated as the state conceded the speedy trial violations regarding those convictions.

"21.     At some point, R.B. was found in violation of his probation for failure to pay restitution. R.B. remains on probation as he is on a fixed income and has been unable to satisfy the restitution obligation.

"22.     Had R.B.'s convictions for forgery and theft been reversed as a result of a successful appeal, his criminal history classification would have been lowered. Thus, should R.B. later be convicted of or pleaded guilty to another offense, he may now be subject to a harsher sentence than he would have been had the appeal been successful.

"*Conclusions of Law*

"23.     Based upon the respondent's stipulation and the above findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, and KRPC 8.4(d), as detailed below.

4

## "KRPC 1.1

"24.     Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' The respondent failed to exercise the requisite preparation by failing to prepare and file a brief which comported with the Supreme Court Rules. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.1 by filing a brief which failed to adequately cite to the record on appeal in violation of Supreme Court Rule 6.02.

## "KRPC 1.3

"25.     Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. The respondent failed to diligently and promptly represent R.B., by failing to timely submit a corrected brief to the Court of Appeals, citing to the record on appeal. Because the respondent failed to act with reasonable diligence and promptness in representing his client, the hearing panel concludes that the respondent violated KRPC 1.3.

## "KRPC 1.4

"26.     KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' The respondent did not have contact with R.B. at any time during the appeal. The respondent did not provide R.B. with a copy of the brief he filed on R.B.'s behalf. The respondent did not provide R.B. with a copy of the court's order directing him to resubmit an amended brief. The respondent did not provide R.B. with a copy of the order dismissing R.B.'s appeal. The respondent never notified R.B. that his appeal had been dismissed. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.4(a).

5

"27.      'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). The respondent engaged in conduct that was prejudicial to the administration of justice when he failed to file a brief that comported with the Supreme Court Rules. As a result of the respondent's misconduct, R.B. lost his opportunity for a direct appeal of his convictions. The injury is particularly grave in this case as the state has conceded that two of the three counts should have been dismissed due to speedy trial violations. Further, the respondent failed to comply with an order of the Court of Appeals. As such, the hearing panel concludes that the respondent violated KRPC 8.4(d).

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"28.      In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"29.      *Duty Violated*. The respondent violated his duty to his client to provide competent and diligent representation and adequate communication. Further, the respondent violated his duty to the profession to comply with court orders which resulted in prejudice to the administration of justice.

"30.      *Mental State*. The respondent knowingly did not respond to the Court of Appeals' order and did not communicate with his client regarding the case. The respondent negligently violated his duties to comply with Supreme Court rules regarding citation to the record on appeal.

6

"31.    *Injury*. As a result of the respondent's misconduct, the respondent caused actual serious injury to his client.

"Aggravating and Mitigating Factors

"32.    Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"33.    *Multiple Offenses*. The respondent committed multiple rule violations. The respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, and KRPC 8.4(d). Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

"34.    *Vulnerability of Victim*. R.B. is an elderly, indigent criminal defendant. R.B. was vulnerable to the respondent's misconduct.

"35.    *Substantial Experience in the Practice of Law*. The Kansas Supreme Court admitted the respondent to practice law in the State of Kansas in 1992. The respondent began practicing law in 1996. At the time of the misconduct, the respondent has been practicing law for approximately 17 years.

"36.    Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"37.    *Absence of a Prior Disciplinary Record*. The respondent has not previously been disciplined.

"38.    *Absence of a Dishonest or Selfish Motive*. The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

7

"39.     *Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct.* The respondent suffers from depression, anxiety, and alcoholism. The respondent has not consumed alcohol for 9 years. Based upon the testimony presented, it is clear that the respondent's depression and anxiety contributed to his misconduct.

"40.     *The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.* The respondent self-reported the misconduct. Thereafter, the respondent fully cooperated with the disciplinary process. Additionally, the respondent admitted the facts and the rule violations.

"41.     *Previous Good Character and Reputation in the Community Including Any Letters from Clients, Friends and Lawyers in Support of the Character and General Reputation of the Attorney.* The respondent is an active and productive member of the bar of Leavenworth, Kansas. The respondent also enjoys the respect of his peers and generally possesses a good character and reputation as evidenced by the testimony of Mr. Robinson and David Graham and by several letters received by the hearing panel. Respondent's Exhibits A, B, C, E, G, and H.

"42.     *Remorse.* At the hearing on this matter, the respondent expressed genuine remorse for having engaged in the misconduct.

"43.     In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'4.42     Suspension is generally appropriate when:  . . . (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

8

'4.43     Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.'

'6.22     Suspension is appropriate when a lawyer knowingly violates a court order or rule, and there is injury or potential injury to a client or a party, or interference or potential interference with a legal proceeding.

'6.23     Reprimand is generally appropriate when a lawyer negligently fails to comply with a court order or rule, and causes injury or potential injury to a client or other party, or causes interference or potential interference with a legal proceeding.'

"*Recommendation*

"44.     The disciplinary administrator recommended that the respondent be censured and that the censure be published in the Kansas Reports. The disciplinary administrator further recommended that the respondent be ordered to comply with terms of the KALAP monitoring agreement. The respondent also recommended that he be censured and that the censure be published in the Kansas Reports. The respondent recommended that the KALAP agreement be extended to 3 years' duration (instead of the existing 1-year agreement).

"45.     The respondent's failure to comply with the Court of Appeals' order—and the impact of that conduct—is troubling to the hearing panel. However, the respondent presented compelling mitigating evidence—including evidence that he has not had any other complaints filed against him since his admission in 1992. Thus, the hearing panel concurs with the recommendations of the parties and recommends to the Supreme Court that the respondent be censured and that the censure be published in the Kansas Reports. The hearing panel also recommends that the Kansas Supreme Court should order the respondent that he must comply with the KALAP agreement and is persuaded by counsel's recommendation that the KALAP agreement should be extended

9

to a total of 3 years. Further, the hearing panel directs the respondent to complete a full physical examination with a physician within 30 days of the date of this report. Finally, should a request be made to the respondent to execute any additional releases to allow the members of the disciplinary administrator's office to discuss the respondent's treatment with treatment providers, the respondent shall execute an appropriate release within 30 days of the date of the request. Should the respondent fail to comply with any portion of the KALAP agreement during the next 3 years or fail to comply with any other direction of the Kansas Supreme Court or of this hearing panel, the hearing panel recommends that the Kansas Supreme Court enter at the request of the disciplinary administrator an order to show cause why this case should not be reopened and other discipline imposed.

"46.    Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2015 Kan. Ct. R. Annot. 350). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent was given adequate notice of the formal complaint, to which he filed an answer. Respondent was also given adequate notice of the hearing before the panel and the hearing before this court. He filed no exceptions to the hearing panel's final hearing report. With no exceptions before us, the panel's findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2015 Kan. Ct. R. Annot. 369). Furthermore,

the evidence before the hearing panel clearly and convincingly establishes that the charged misconduct was in violation of KRPC 1.1 (2015 Kan. Ct. R. Annot. 442) (competence); 1.3 (2015 Kan. Ct. R. Annot. 461) (diligence); 1.4(a) (2015 Kan. Ct. R. Annot. 482) (communication); and 8.4(d) (2015 Kan. Ct. R. Annot. 672) (engaging in conduct prejudicial to the administration of justice) and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

The remaining issue before this court is the appropriate discipline for respondent's violations. As noted above, the hearing panel recommended a published censure but supplemented that suggested sanction by recommending placement of conditions on the respondent for 3 years. To reiterate, those recommended conditions were that the respondent comply with the KALAP agreement and that the duration of the agreement be extended to a total of 3 years; that respondent complete a full physical examination with a physician within 30 days of the date of the final panel report; and that, within 30 days of a request from the Disciplinary Administrator's office, respondent execute appropriate releases to his treatment providers. Finally, the hearing panel recommended that, should the respondent fail to comply with any portion of the KALAP agreement during the next 3 years or fail to comply with any other direction of the Kansas Supreme Court or of the hearing panel, then, at the request of the Disciplinary Administrator, this court should issue an order to show cause why this case should not be reopened and other discipline imposed.

At the hearing before this court, both the Disciplinary Administrator and the respondent requested that this court follow the panel's recommendation of published censure with supplemental post-reprimand conditions. Naturally, we give due regard to the recommendations of the panel and the parties, but we are not bound by such recommendations. See *In re Mintz*, 298 Kan. 897, 911-12, 317 P.3d 756 (2014); Supreme Court Rule 212(f) (2015 Kan. Ct. R. Annot. 371) ("The recommendation of the panel or

the Disciplinary Administrator as to sanctions to be imposed shall be advisory only and shall not prevent the Court from imposing sanctions greater or lesser than those recommended by the panel or the Disciplinary Administrator."). Instead, this court endeavors to fashion a disciplinary sanction in each case that is appropriately penal for the past violations given the particular facts and circumstances—both aggravating and mitigating—but with the additional goal of ordering such corrective measures as will protect the public against future transgressions.

Here, as the panel observed, the respondent engaged in both intentional and negligent behavior, which implicated both suspension and reprimand as generally appropriate sanctions under the American Bar Association Standards for Imposing Lawyer Sanctions. The mitigating circumstances in this case would ordinarily counsel that we accept the recommendation of the lesser penalty of reprimand. But the panel's determination that years-long supplemental conditions would also be advisable for the respondent's professional rehabilitation convinces us that it is more appropriate to underpin those conditions with a suspension.

Accordingly, we suspend the respondent from the practice of law in the State of Kansas for a period of 60 days but stay the imposition of that suspension upon certain conditions. First, the respondent shall comply with the terms of his current agreement with KALAP, including any extension period that KALAP may deem necessary for respondent's professional rehabilitation. Next, respondent shall obtain a full and complete physical examination by a physician and shall follow through with all of the doctor's recommendations. Further, the respondent shall forthwith comply with any request from the Office of the Disciplinary Administrator to provide releases to medical care providers to enable that office to obtain reports and discuss respondent's treatment regimen and progress. Finally, upon completion of all of the conditions, the respondent shall make satisfactory proof to the Office of the Disciplinary Administrator, upon which that office

12

shall terminate the suspension, as if it were for a definite term. See Supreme Court Rule 219(c) (2015 Kan. Ct. R. Annot. 403). A minority of the court would tie the conditions of the stay to the period of time respondent is working with KALAP.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Benjamin N. Casad be and is hereby suspended from the practice of law in the state of Kansas, in accordance with Supreme Court Rule 203(a)(2) and (5) (2015 Kan. Ct. R. Annot. 293), for a period of 60 days, but imposition of that discipline shall be stayed upon the terms and conditions outlined above.

IT IS FURTHER ORDERED that, pursuant to Supreme Court Rule 219(c), respondent shall be eligible for reinstatement without a hearing, in the same manner as if this suspension were for a definite period of time.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.